UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

CASE NO.:

BRANDON EWAR,

        Plaintiff,

vs.

SPIMUTA OF GEORGIA, INC.
TONY NOVIELLO,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, BRANDON EWAR ("EWAR" OR "PLAINTIFF"), through counsel, sues Defendants, SPIMUTA OF GEORGIA, INC. ("SPIMUTA") and TONY NOVIELLO, ("NOVIELLO") (collectively, Defendants) and alleges the following:

1. This is an action for damages brought under the Fair Labor Standards Act ("FLSA").

2. Plaintiff resides in Atlanta, Georgia and is a past employee of Defendants.

3. At all times material hereto, Defendant, SPIMUTA, was a domestic for profit corporation engaged in restaurant operations, was licensed

to transact business in the State of Georgia, conducted business in Atlanta, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

4. At all times material hereto, Defendant SPIMUTA was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more. In furtherance of said business, Defendants' employees including Plaintiff handled, or otherwise worked on goods or materials that have been moved in or produced for such commerce and further utilized equipment/tools which had also moved in interstate commerce I further of Defendants' business.

5. At all times material hereto, Defendant, TONY NOVIELLO was a resident of Atlanta, Georgia and was, and now is, the managing agent, director and/or owner of Defendant, SPIMUTA OF GEORGIA, INC.; said Defendant acted and acts directly in the interests of the Defendant, SPIMUTA OF GEORGIA, INC., in relation to said co-

        Defendant's employees. Defendant effectively dominates SPIMUTA OF GEORGIA, INC. administratively or otherwise acts, or has the power to act, on behalf of the limited liability company vis-a-vis its employees and had the authority to direct and control the work of others. Thus, TONY NOVIELLO was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.       In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and worked for Defendants as a dishwasher at an agreed hourly rate of $8.75 per hour.

7.       From about May 5, 2015 to November 27, 2015, Plaintiff typically worked 48 hours per week for which he was paid at a straight time rate for all hours worked over 40 hours per week.

8.       Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

9.       Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (ALL DEFENDANTS)

10.     Plaintiff reavers and realleges paragraphs 1-9 herein.

11. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

12. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Loren Law Group
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:   (954)585-4886
E-Mail:       JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363